**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

| | |
|---|---|
| In Re:  Pedro Felipe Valdes, and<br>Ana Maria Aldana<br><br>Debtors.<br>_____<br><br>XIAO PAN,<br><br>and<br><br>WEI LI,<br><br>Plaintiffs,<br>v.<br><br>PEDRO FELIPE VALDES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankruptcy Case No. 18-13291-KHK<br>(Chapter 7)<br><br><br><br>Adversary Proceeding No. _____ |

**COMPLAINT OBJECTING DISCHARGEABILITY OF DEBT**

COME NOW Xiao Pan and Wei Li, a/k/a Vivian Li, (collectively "Homeowners"), by counsel, and hereby object to the discharge of certain debt owed by Pedro Felipe Valdes ("Debtor") and move this Court to determine through this adversary proceeding, brought pursuant to 11 U.S.C. §727(c), that the obligation owed to them by Debtor is not dischargeable on the basis of grounds set forth in 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(4); 11 U.S.C. §727(a)(2), and 11 U.S.C.§ 727(a)(4)(A). In support thereof, Homeowners state as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.      This Court has subject matter jurisdiction over this case by virtue of 28 U.S.C §1334(b).

2.      This matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(I) and is a contested matter under Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

3.    Venue of this action is proper, and in accordance with 28 U.S.C. §1409(a).

4.    Mr. Valdes is an individual residing in Fairfax County, Virginia.

5.    Artifact, LLC ("Artifact") is a Virginia limited liability company with its principal place of business located at 14111 Robert Paris Court, #101, Chantilly, Virginia 20151, and which operates under Mr. Valdes' Virginia contractor's license number A-2705-156086.

6.    Mr. Valdes is the managing member and president of Artifact.

7.    Homeowners are individuals who are married to each other and reside in Fairfax County, Virginia.

## FACTUAL ALLEGATIONS

8.    Debtor filed his joint petition for debt relief pursuant to Chapter 7 with his wife, Ana Maria Aldana, on September 28, 2018 ("Petition Date"), listing his limited liability company, Artifact as co-debtor.

9.    Artifact simultaneously filed a petition for debt relief pursuant to Chapter 7 on September 28, 2018, listing Mr. Valdes as co-debtor on the debt to Homeowners.

10.    On or about April 7, 2017, Mr. Pan and Mr. Valdes, on behalf of Artifact, entered into an agreement to construct a single family home at 7010 Churchill Road, McLean, Virginia 22102 ("Churchill Property") for a fixed fee of $550,000 ("Contract"). (Ex. A - Contract.)

11.    Pursuant to the Contract:

   a. construction of the Churchill Property was to be substantially completed within 210 days from the commencement of excavation;

   b. "substantially complete" was defined by the Contract as the time when the Homeowners would be able to beneficially use it for its intended purposes, i.e. occupy it;

    c. Homeowners could not occupy the Churchill Property until a certificate of

occupancy had been obtained;

    d. in the event that the construction was not substantially completed within 210

days from the commencement of excavation, the purchase price was to be

reduced by $250.00 per day until completion;

    e. Artifact was authorized and required to draw funds on Mr. Pan's behalf from

his construction loan lender pursuant to an agreed upon draw schedule, which

funds were to be used to pay construction expenses, including sub-contractors

who performed work on the Churchill Property;

    f. Mr. Pan was prohibited from interfering with the draw schedule or the

disbursement of funds, and from directly paying sub-contractors with the

construction loan funds. (Ex. B - Draw Schedule.)

9.     On or about September 20, 2017, Mr. Pan and Mr. Valdes, on behalf of Artifact,
executed a change order to the original contract adding an additional $17,752.00 in upgrades
without effect to the date for substantial completion. (Ex. C - Change Order.)

10.    On or about October 12, 2017, excavation commenced triggering a deadline of
May 10, 2018 to substantially complete the Churchill Property pursuant to the Contract.

11.    By June 11, 2018, approximately one month after the due date, Mr. Valdes
obtained a total of $405,212.50, approximately 75% of the original Contract price. However, the
Churchill Property was only half complete and was not fit for occupancy.

12.    Instead of following the draw schedule agreed to and as reflected in the Contract,
Mr. Valdes made five draws as follows:

    a. $104,500.00 on November 14, 2017;

     b.  $98,450 on December 28, 2017;

     c.  $63,937.50 on March 7, 2018;

     d.  $59,537.50 on May 2, 2018; and

     e.  $23,787.50 on June 11, 2018.

13.     Rather than use the funds obtained from Homeowners' lender toward the construction of the Churchill Property, Mr. Valdes used the funds to invest in other construction projects on behalf of Artifact, and for his personal expenditures such as paying for the college tuition for his daughter.

14.     Further, despite giving the appearance that he was paying sub-contractors for their work on the Churchill Property, Mr. Valdes failed to use the funds obtained from Homeowners' lender to compensate the sub-contractors for their work.

15.     Instead, Mr. Valdes required Homeowners to sign as guarantors to sub-contractor agreements and then used the funds that were given to him toward Artifact's other business pursuits and his personal expenses.

16.     Between June 11, 2018 and June 29, 2018, Mr. Valdes informed Homeowners that Artifact did not have enough money to continue the construction on the house and demanded that they pay additional money outside of the Contract for materials. In order to allow construction to go forward, Homeowners agreed to advance the requested funds on the condition that they be reimbursed and that the construction loan funds be disbursed directly to them from that point forward.

17.     On or about June 29, 2018, Mr. Valdes, on behalf of Artifact, authorized the lender's disbursements to be released to Homeowners from that point forward.

18.     Homeowners did not learn about Mr. Valdes' unauthorized use of their funds until

after he stopped the construction of the Churchill Property.

19.     As a result of Mr. Valdes' failure to pay sub-contractors who had performed work on the Churchill Property, the sub-contractors filed mechanic's liens encumbering the Property.

20.     On August 4, 2018, Mr. Pan and Mr. Valdes modified the Contract to allow Homeowners to make payment directly to the sub-contractors who had not been paid for their work. (Ex. D - Addendum to Contract.) All other provisions of the Contract remained the same. (Id.)

21.     On or about August 7, 2018, Mr. Valdes transferred $61,000.00 from Artifact's bank account to his brother, Juan Pablo Valdes ("JP"), and then on September 28, 2018, he then filed for Chapter 7 bankruptcy for Artifact and himself.

22.     At both of the §341 creditors' meetings held by the Trustee in the Artifact bankruptcy proceeding, Mr. Valdes swore under oath that there was no business relationship between Artifact and JP's companies, including but not limited to, Givago Growth LLC, and that he had no interest in JP's companies.

23.     The day after the first §341 creditors' meeting, JP amended Articles of Organization for Givago Growth LLC to alter the members of the company, plausibly to remove any obvious connection to Mr. Valdes.

24.     On his personal petition for bankruptcy, Mr. Valdes failed to identify other names that he has used, including "Pedro Felipe Valdes Sanchez."

25.     Further, he listed JP as two separate creditors spelling his name as "JP Valdes" and "Juan P. Valdez" with two different addresses. He also listed family members, including his brother, his sister, and in-laws, and the companies of family members in which he may have an interest, as creditors for approximately $1.3 million of the debt.

## GROUNDS TO FIND DEBT TO HOMEOWNERS IS NON-DISCHARGEABLE

26.     Pursuant to 11 U.S.C. §523(a)(2)(A), an individual debtor may not be discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-(A) false pretense, a false representation, or actual fraud..."

27.     Mr. Valdes fraudulently obtained money from Homeowners by representing that he would construct the Churchill Property and inducing them to allow him to withdraw money from their lender to construct the property. He then used portions of that money toward other Artifact investments and for his personal expenses, while representing to Homeowners that the money was going toward the Churchill Property.

28.     Pursuant to 11 U.S.C. §523(a)(4), an individual debtor may not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

29.     Mr. Valdes acted in a fiduciary capacity when he obtained funds from Homeowners' lender. By misappropriating those funds to other Artifact investments and for his own personal use, and by failing to pay sub-contractors which representing to Homeowners that all of the money was going toward constructing the Churchill Property, Mr. Valdes defrauded and defalcated Homeowners while acting in fiduciary capacity.

30.     Pursuant to 11 U.S.C. §727(a)(2), the Court shall not grant a discharge where "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of filing of the petition."

31.    Mr. Valdes transferred approximately $61,000.00 obtained from Homeowners' lender for the Churchill Property construction to JP prior to filing his petitions for bankruptcy. This transfer was not identified to the Trustee.

32.    Pursuant to 11 U.S.C.§ 727(a)(4)(A), the Court shall not grant a discharge where "the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account".

33.    While under oath, Mr. Valdes falsely informed the Trustee of the Artifact bankruptcy proceedings that there was no business relationship between Artifact and Givago Growth, LLC knowing that Artifact and Givago Growth, LLC were partners in a joint venture to construct investment properties including 6614 Byrnes Drive, McLean, Virginia, and plausibly 6808 Lumsden Street, McLean, Virginia, 6802 Van Fleet Drive, McLean, Virginia, and 1409 Cola Drive, McLean, Virginia.

34.    Mr. Valdes further falsely informed the Trustee that none of money in Artifact's money was used for personal expenses.

WHEREFORE, Homeowners pray that this Court (1) enter an Order determining that the debts owed to the Homeowners be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(4), 11 U.S.C. §727(a)(2), and 11 U.S.C.§ 727(a)(4)(A); (2) award Homeowners a judgment against the Debtor in the amount of $236,506.02, plus pre- and post- judgment interest, and attorney's fees and costs; and grant such other relief as this Court deems appropriate.

XIAO PAN

WEI LI

By Counsel:

THE CARRITHERS LAW OFFICE

by Lavanya K. Carrithers, VSB #81947
12020 Sunrise Valley Drive, Suite 100
Reston, Virginia 20191
Tel: (703) 965-3387
Email: lcarrithers@carritherslawoffice.com

## CERTIFICATE

I, the undersigned, hereby certify that on this 7th day of January, 2019, a true copy of the foregoing Complaint was served via first class U.S. mail postage prepaid upon the following:

**Allied Building Products LLC**
**BMC East LLC t/a Stock Building Supply, LLC**
**Beacon Sales Acquisition Inc t/a The Roof Center**
**Choice Stairways, Inc.**
c/o Richard M. Sissman
1890 Preston White Drive Suite 100
Reston, VA 20191
(703) 903-9646
(703) 790-1600 (fax)
rsissmanesq@his.com

Pedro Felipe Valdes
Ana Maria Aldana
c/o Kevin M. O'Donnell
Henry & O'Donnell P.C.
300 N. Washington St. #204
Alexandria VA 22314
kmo @ henrylaw .com

**John P. Fitzgerald, III**
Office of the U.S. Trustee - Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
703-557-7176
ustpregion04.ax.ecf@usdoj.gov

**MGC Mortgage, Inc.**
c/o Mark David Meyer
Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814
(301) 907-8000
bk@rosenberg-assoc.com

**The Bank of New York Mellon as Trustee for First Horizon Alternative Mortgage**
**Securities Trust 2007-FA4**

c/o Renee Olivia Dyson
Shapiro & Brown, LLP
10021 Balls Ford Road, Suite #200
Manassas, VA 20109
(703) 449-5800
vabecf@logs.com

c/o Mary F. Balthasar Lake
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, VA 23320
(716) 352-4542
vabecf@logs.com

**Janet M. Meiburger**
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726
703-556-9404
trustee@meiburgerlaw.com

**WizdomBridge, LLC**
c/o Madeline A. Trainor
Redmon, Peyton & Braswell LLP
510 King Street, Suite 301
Alexandria, VA 22314

**iTech AG, LLC**
**Yang Jin**
**Matthew Zhao**
**Hong Zhang**
c/o Seth A. Robbins
Robbins Law Group, PLLC
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
7032244436
2028369840 (fax)
srobbins@robbins-lawgroup.com

Lavanya K. Carrithers